## In the Matter of Estate of Mason
*[Cite as 7 AOA 153]*

*Case No. 17-CA-90*
*Fairfield County, (5th)*
*Decided October 22, 1990*

*Chris A. Martin, Lantz, Lantz & Lipp Co., L.P.A., 129 West Chestnut Street, P.O. Box 2240, Lancaster, Ohio 43130, for Appellant.*

*Samuel M. Steimel, 101 South Clay Street, Millersburg, Ohio 44654, for Appellee.*

PUTMAN, P.J.

This is an appeal from the judgment of the Court of Common Pleas of Fairfield County, Probate Division, awarding Mary Mason (appellant) one-third of the value of the remaining two burial spaces owned by her deceased husband, John W. Mason.

Appellant raises the following sole assignment of error:

ASSIGNMENT OF ERROR:

THE TRIAL COURT'S DECISION IN DENYING MARY MASON A BURIAL LOT NEXT TO HER DECEASED HUSBAND'S BURIAL LOT, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WAS AN ABUSE OF DISCRETION, AND WAS REVERSIBLE ERROR.

For the reasons stated below, appellant's assignment of error is sustained.

On August 3, 1940, John W. Mason purchased Burial Lot No. 61 in the Barnes Cemetery, Marion Township, Licking County, Ohio, from the Marion Township Trustees.

Burial Lot No. 61 contains five burial spaces. John W. Mason, his first wife, and their deceased minor child are currently buried in three of the spaces.

Appellant is the surviving spouse of John W. Mason. At the time of his death in late 1988, John W. Mason and appellant had been married for twenty-one years.

Burial Lot No. 61 was listed on the schedule of assets filed in the Estate of John W. Mason as having no value. Also, the burial lot was not shown on the final account filed in the estate.

After the filing of the inventory in John W. Mason's estate, a disagreement arose between appellant and the four adult children of John W. Mason and his first wife concerning the ownership of the remaining two burial spaces in Burial Lot No. 61. Appellant filed an "Objection to Final Account and Request for Clarification of Estate Assets," requesting that the probate court determine the ultimate ownership of the remaining burial spaces.

An oral hearing was held on appellant's objection. Two of John Mason's adult children testified on behalf of the estate. Appellant, the clerk for the Marion Township Trustees, and a Marion Township Trustee also testified.

Based on our review of the record, we must reverse the trial court's judgment as being against the manifest weight of the evidence. The undisputed testimony in this case demonstrates that it was John W. Mason's intent that appellant be buried next to him. The evidence shows that on October 13, 1983, Mason and appellant purchased from the Logan Monument Co. identical tombstones that were delivered to Barnes Cemetery and placed side-by-side in Burial Lot No. 61. The order blank for the monuments describes the monuments as follows: "4th Grave John W. Mason 1905-___" and "5th Grave Mary M. Mason 1906-___." T.55, Mary Mason Exhibit No.6.

Thus, despite his knowledge that his four adult children were unhappy about his desire to have his second wife of twenty-one years buried next to him, before he died John W. Mason had these matching tombstones with blank dates of death placed on adjacent burial spaces in Lot No. 61 of Barnes Cemetery. T.20, 34-35. From these circumstances, we can only conclude that it was John W. Mason's intent to have appellant buried next to him.

Accordingly, appellant's assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Fair-field County, Ohio, is reversed and pursuant to App. R. 12(B)1 we enter the following final judgment:

Appellant Mary Mason is granted the personal right to be buried in one of the remaining burial spaces next to John W. Mason in Burial Lot No. 61 of Barnes Cemetery, Marion Township, Licking County, Ohio.

HOFFMAN, J., and SMART, J., concur.